Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000576
09-APR-2020
11:42 AM

NO. CAAP-16-0000576

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE OF THE SN 2011-A REO TRUST, Plaintiff-Appellee, v. BUDGET PRINTERS, INC.; ALVIN S. ISHIHARA, Defendants-Appellants, and MADELINE H. MIURA-ISHIHARA; DEPARTMENT OF LABOR & INDUSTRIAL RELATIONS, STATE OF HAWAIʻI; CITY BANK, a Hawaii Corporation, now known as CENTRAL PACIFIC BANK, DEPARTMENT OF TAXATION, STATE OF HAWAIʻI; LILLY A. ISHIHARA, Defendants-Appellees, NORIKO SOTTA, Defendant-Appellant; and JOHN and MARY DOES 2-20; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0112)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendants-Appellants Budget Printers, Inc., Alvin S. Ishihara (Ishihara), and Noriko Sotta (collectively, Budget) appeal from the August 3, 2016 "Order Granting In Part and Denying In Part Purchaser Lohoco Properties LLC's [(Lohoco)] Motion to Dispose of Personal Belongings and Properties Filed April 11, 2016," (Order to Dispose) entered by the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, Budget contends that the Circuit Court lacked jurisdiction and legal authority, and violated due process in to allowing Lohoco, a non-party, to dispose of Ishihara's personal property without an evidentiary hearing.

---

[1]     The Honorable Jeannette H. Castagnetti presided.

Upon careful review of the record on appeal and relevant legal authorities, and giving due consideration to the issues raised and arguments advanced by the parties, we resolve Budget's appeal as follows and affirm.

As a preliminary matter, Lohoco[2] argues that the instant appeal should be dismissed as moot. On appeal, Budget seeks, as its sole remedy, to vacate the Order to Dispose. Budget apparently did not obtain a stay of the Order to Dispose, and Lohoco asserts in its answering brief that Budget's personal property has been disposed of. Therefore, it maintains, vacating the Order to Dispose will not provide any real relief because there is no personal property to recover and no affirmative claim for relief in the form of damages has been asserted here.

The Hawaiʻi Supreme Court has stated:

> [A] case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions of justiciability relevant on appeal—-adverse interest and effective remedy—-have been compromised.

Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 365, 400 P.3d 559, 566 (2017).

Here, Lohoco points to no evidence in the record that shows it actually sold any of Budget's personal property or if there is any personal property left to recover. Therefore, we cannot conclude that this appeal is moot.

While not entirely clear, Budget's jurisdictional argument appears to be based on its contentions that the Circuit Court had no authority to award the relief requested by Lohoco, and that Lohoco was not a party to this action.

The circuit courts generally have discretion in civil actions to make such orders "as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them." OneWest Bank, F.S.B. v. Ass'n of Owners of Kumulani at the Uplands at Mauna Kea, 146 Hawaiʻi 105, 112-13, 456 P.3d 178, 185-

---

[2] Throughout the proceedings before the Circuit Court, Kenwei Chong, managing member of Lohoco, Lohoco, and "his nominee" have been used interchangeably. For simplicity's sake, we refer to them collectively as "Lohoco" unless otherwise indicated.

86 (2020) (quoting HRS § 603-21.9 (6) (2016); First Hawaiian Bank v. Timothy, 96 Hawaiʻi 348, 357, 31 P.3d 205, 214 (App. 2001), as amended (Aug. 30 and Sept. 17, 2001) (citing HRS § 603-21.9 (1993) (holding that "the circuit court in this case was statutorily authorized, in aid of its original jurisdiction over mortgage foreclosure actions, to enter appropriate orders against [the purchaser] after he defaulted on his agreement to purchase the mortgaged property at the foreclosure sale").  The Hawaiʻi State Legislature has vested the circuit courts with general jurisdiction over "[c]ivil actions and proceedings, HRS § 603-21.5(a)(3) (Supp. 2000), and specific jurisdiction over mortgage foreclosure actions.  See HRS chapter 667, part I (1993 & Supp. 2000)."  Timothy, 96 Hawaiʻi at 356, 31 P.3d at 213.

In addition, this Court has recognized that

> for reasons of judicial economy, we are not inclined to hold that a court that enters an order confirming sale does not have jurisdiction to enforce its order, since such a holding would effectively require an independent action to be brought each time a confirmed purchaser at a mortgage foreclosure sale defaults, thus resulting in an unnecessary multiplicity of suits, delay, and added costs.

Id. at 357-58, 31 P.3d at 214-15 (citation omitted).

Circuit courts also have jurisdiction over a successful bidder at a judicial foreclosure sale, even though he or she was not a party to the original foreclosure proceedings.

> **A successful bidder at a judicial sale becomes a so-called quasi party to the proceedings, by virtue of the bid, even though originally not a party to the action or proceeding in which the sale was ordered**, for some purposes, including the right to urge or to oppose confirmation.  Purchasers subject themselves to the jurisdiction of the court in the original suit as to all matters connected with the sale and therefore have the right to interfere in the proceedings for their own benefit and protection and to claim equitable relief.  **They become subject to the future orders of the court, and are bound as parties by the decree of the court confirming or setting aside the sale.  They can be compelled by summary processes of the court, so long as the court's control over the cause and the parties continues, to perform their agreement specifically and comply with the terms of the purchase, by payment or otherwise.**

Timothy, 96 Hawaiʻi at 357, 31 P.3d at 214 (quoting 47 Am. Jur. 2d Judicial Sales § 162, at 573 (1995) (emphasis added)).

We fail to see why a confirmed purchaser, such as Lohoco, would be any less a party when it seeks authorization on matters substantially related to enforcement of its rights as a

foreclosure purchaser.  Likewise, we are not inclined to require Lohoco to make these requests in a separate lawsuit.

We agree with Budget that the provisions in HRS ch. 521, the Residential Landlord-Tenant Code, do not apply in this foreclosure action.  However, the circuit courts have the power

> [t]o make and award such judgments, decrees, orders and mandates, issue such executions and other processes and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

HRS § 603-21.9(6).  Under the unique circumstances in this case, we hold that the Order to Dispose was necessary to give full effect to the Writ of Ejectment the Circuit Court had issued in this case by weighing the equities of the respective parties and apportioning the costs in a just manner.

It is undisputed that, pursuant to the August 18, 2014 Judgment of foreclosure and subsequent submission by Lohoco of the winning bid, the Circuit Court entered the September 29, 2015 Order Confirming Sale and Writ of Ejectment.  No appeal was taken from either the Judgment of foreclosure or the Order Confirming Sale and Writ of Ejectment.

The Writ of Ejectment authorized removal of

> Defendants BUDGET PRINTERS, INC.; ALVIN S. ISHIHARA, MADELINE N. MIURA-ISHIHARA, NORIKO SOTTA from the premises . . . , <u>including their personal belongings and properties,</u> and [to] put KEN WEI CHONG or his nominee, in full possession thereof, and make due return of this Writ with what you have endorsed thereon.

(Emphasis added.)

Budget does not dispute that through counsel and directly, Lohoco was in contact with Budget on multiple occasions, seeking a mutually agreeable transfer of possession of the subject Property, without success.  As late as March 4, 2016, Chong approached Ishihara directly with a proposal for a lease agreement for the Property, which Ishihara refused to discuss.  Finally, on March 6, 2016, the civil deputy/process server, Sandra Whang (Whang), plus another process server, two deputy sheriffs, a locksmith, and movers arrived to remove Ishihara and his personal property pursuant to the Writ of Ejectment.  After

4

eight hours, while Ishihara was allowed by Chong to complete a printing job in progress, and after Ishihara refused to move his personal property or pay the movers to remove his property from the premises, personal property--with the exception of several pieces of large commercial printing equipment--was removed from the premises and placed in storage with commercial storage companies.

After several subsequent communications between counsel failed to reach a settlement of the matter, on April 11, 2016, Lohoco filed its Motion to Dispose, asking the Circuit Court to authorize the disposal of all property found on the premises when the Writ of Ejectment was executed, or the return of Budget's property contingent upon its payment of all costs and expenses in connection with the removal and storage of the personal property, as well as the value of lost rental income for the space on the premises occupied by the personal property remaining on the premises. Budget filed a memorandum in opposition with attachments and Lohoco filed a reply with attachments.

At the hearing on the Motion to Dispose, counsel presented argument, but no testimony was taken. In making its ruling, the Circuit Court noted,

> As both sides have noted, there is no direct statutory authority on point as to what a purchaser of a foreclosed property should do with respect to disposal of personal property that is remaining on the property by the defendants upon serving the writ of ejectment.
>
> And in this particular circumstance, I'll note that, again, purchaser had attempted to try to resolve the issue with the defendants. And resolution was not reached, including up to the day when the ejectment, the writ, was served. There was the proposal for the defendants to take the personal property to another location, and that was refused.
>
> So then the next question is whether or not the purchaser's actions were reasonable in storing the property and looking for direction. I don't believe it would be reasonable for the purchaser to simply take the property and put it on the street.

The Circuit Court subsequently ordered that if Budget paid Lohoco its incurred movers' fees and storage costs in the amount of $16,890.59 within two weeks of the hearing, Lohoco would permit Budget to regain his personal property, at Budget's sole expense. If Budget failed to do so, Lohoco was authorized

5

to advertise and sell Budget's personal property, the proceeds of which, after deducting $16,890.59, would be held in trust for Budget for thirty days--thereafter, the proceeds would be forfeited to Lohoco; any remaining personal property not sold could be disposed of by Lohoco without liability to Budget.

Given the unique circumstances of this case, we conclude the Circuit Court did not abuse its authority to fashion a remedy in furtherance of its Writ of Ejectment in Lohoco's favor. The court carefully considered the equities of the situation, including Lohoco's attempts to reach an amicable resolution with Budget before seeking the court's assistance and placing the personal property in a safe and secure environment while the dispute was resolved, and considering the lack of reasonable alternatives, affording still another opportunity for Budget to recover its personal property by paying the costs incurred by Lohoco was a reasonable resolution to the impasse.

Finally, Budget argues a violation of due process by the Circuit Court when it denied an evidentiary hearing prior to ruling on the Motion to Dispose. See U.S. Const. amend. XIV, § 1; Haw. Const. art. I, § 5. "Due process calls for such procedural protections as the particular situation demands. . . . The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Peak Capital Group, LLC v. Perez, 141 Hawaiʻi 160, 178, 407 P.3d 116, 134 (2017). However, circumstances of this case show that these fundamental elements were met.

Budget received service of the Motion to Dispose and filed a memorandum in opposition to the motion. Budget appeared at a hearing on the motion where it presented extensive argument in opposition to the motion. Budget argues that, under the rules of court, it was unable to file a rebuttal to Lohoco's reply memorandum and it was deprived of due process when the Circuit Court made findings regarding the reasonableness of Lohoco's actions without an evidentiary hearing. Budget's argument is without merit.

Budget appeared at the hearing, having received Lohoco's reply memorandum. It did not offer evidence, nor did it

make an offer of proof regarding what evidence it could present if an evidentiary hearing were held.  Under these circumstances, Budget has failed to show it was denied due process.

Based on the foregoing, the August 3, 2016 "Order Granting In Part and Denying In Part Purchaser Lohoco Properties LLC's Motion to Dispose of Personal Belongings and Properties Filed April 11, 2016," entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, April 9, 2020.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
for Defendants-Appellants.

Christopher Shea Goodwin
Robert S. Alcorn
for Purchaser-Appellee
LOHOCO Properties, LLC.

/s/ Alexa D.M. Fujise
Presiding Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge